IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.        No.  CR-10-3383 WJ

ARMANDO GUTIERREZ,

    Defendant.

**ORDER DENYING DEFENDANT ARMANDO GUTIERREZ'S
MOTION FOR RELEASE PENDING APPEAL**

THIS MATTER comes before the Court on the Motion for Release Pending Appeal (Doc. 609) filed by Defendant Armando Gutierrez.  For the reasons stated below, the Court **DENIES** the motion.

## I.  LEGAL STANDARD

The Court at the sentencing hearing on August 19, 2013, found that Defendant Gutierrez was neither a flight risk nor a danger to the community so voluntary surrender was granted.  The Court assumes Defendant Gutierrez will timely file his Notice of Appeal so the pertinent issue is whether Defendant Gutierrez "raises a substantial question of law or fact" that, if found favorably to him, would result in a reversal of the conviction or a remand for a new trial.  18 U.S.C. § 3143(b)(1)(B).  A substantial question is a "close question or one that very well could be decided the other way."  United States v. Affleck, 765 F.2d 944, 952 (10th Cir. 1985)(citations omitted).  The presumption is against release pending appeal.  Id.  Moreover, a defendant bears the burden of showing that a substantial question exists.  Id. at 946.

## II.  DISCUSSION

Defendant Gutierrez essentially raises two grounds that he argues supports at least one substantial question of law or fact that, if found favorably to him, would result in a reversal or new trial.  The first ground concerns the Court's order limiting the testimony of defense expert Terry Davenport and the second ground alleges that the Court allowed evidence of Co-Defendant Joseph Kupfer's tax evasion charges that was unduly prejudicial to Defendant Gutierrez.

With respect to Defendant's expert Terry Davenport, the Court did allow Mr. Davenport to give expert testimony within the area of his expertise.  However, the Court did not allow Mr. Davenport to give what the Court considered to be expert legal opinions because, as Mr. Davenport aptly pointed out while testifying during witness voir dire, he was not an attorney and was not making legal determinations.  See. Doc. 612 at p.3.

Prior to Mr. Davenport testifying, the Court excused the jury for an extended period of time to allow Government and Defense counsel the opportunity to voir dire Mr. Davenport and the Court required actual testimony of Mr. Davenport, as opposed to a proffer of testimony by counsel, in order for the Court to get a better sense of what Mr. Davenport's expert testimony would be.  More specifically, the Court wanted to hear Mr. Davenport's expert opinion testimony and the basis for such opinion testimony (which was not readily apparent from any of the pleadings filed prior to trial).  While the Court clearly prefers to resolve Daubert issues pre-trial, the Court is not aware of any rule or case that stands for the proposition that once trial starts, the Court loses its gate keeping function to ensure that expert opinion testimony is both relevant and reliable.

Outside the presence of the jury, the Court allowed counsel for the United States and counsel for Defendants Gutierrez and Kupfer extensive questioning of Mr. Davenport.

2

Additionally, the Court made detailed findings concerning what Mr. Davenport could testify about and what was beyond Mr. Davenport's area of expertise. While the Court does not presume to judge how a three judge appellate panel of the Tenth Circuit will view the rulings concerning the parameters of Mr. Davenport's expert testimony, for purposes of evaluating Defendant's Motion for Release Pending Appeal the Court finds that Defendant Gutierrez has failed to carry his burden of showing a substantial question on the issue of Mr. Davenport's testimony.

As for the second ground advanced by Defendant Gutierrez in support of his motion for release pending appeal, the Court likewise finds that he has failed to meet his burden of showing a substantial question likely to result in a reversal or new trial. Contrary to assertions by Defendant Gutierrez, the Court did not reverse its previous position regarding the severed counts of income tax evasion by Defendant Joseph Kupfer and the jury's guilty verdicts on those income tax evasion charges. As the United States correctly points out, no evidence of the severed income tax evasion counts, the separate trial or the guilty verdict was referenced during Defendant Gutierrez's trial. The Court did allow the United States to present factual evidence that Joseph Kupfer failed to declare unlawful income on his tax return as intrinsic evidence in support of the conspiracy. The Court did not and does not now see this evidence as unfairly prejudicial to Defendant Gutierrez. Moreover, even if the Court erred in allowing the factual evidence that Joseph Kupfer did not declare his unlawful income on his tax return, the Court fails to see how this evidence prejudiced Defendant Gutierrez considering the overwhelming evidence (evidence way in excess of proof beyond a reasonable doubt) that the United States presented establishing that Defendant Gutierrez stole Help America Voter Act funds in the approximate amount of 2.5 million dollars.

## III.  CONCLUSION

Defendant Gutierrez having failed to meet his burden of showing the existence of a substantial question of law or fact that, if found favorably to him, would result in a reversal or new trial, Defendant Gutierrez's Motion for Release Pending Appeal is hereby DENIED.

**SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**