IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

V.                                                         Case No. 10-CR-3383 WJ

ARMANDO GUTIERREZ,

        Defendant.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE IN SENTENCE

      THIS MATTER came before the Court on Defendant Armando Gutierrez's Motion for Downward Departure in Sentence (**doc. 602**), filed August 9, 2013.  This opinion concerns only the sentencing guidelines departure requests advanced by Defendant.  As the Court stated at Defendant's sentencing hearing on August 19, 2013, the Court did not find merit in his departure requests.

      On January 31, 2013, a jury found Defendant Armando Gutierrez guilty of five counts of offenses involving the misuse of federal funding provided under the Help America Vote Act. His offense level is 36 and his criminal history category is I which under the sentencing table provides for a range of 188 months to 235 months of incarceration.  However, under U.S.S.G. § 5G1.1(a), the guideline sentence becomes 120 months based on the statutory maximum penalties for Defendant's counts of conviction.

      Defendant asks the Court to depart downward to probation or 37 to 46 months of imprisonment under the provisions set forth in the Sentencing Guidelines §§ 5H1.1 (age), 5H1.6 (family ties and responsibilities), 5K2.20 (aberrant behavior), and 5K2.0(c) (multiple circumstances), on the grounds that such a departure would result in a sentence sufficient but not

greater than necessary to satisfy the purposes of federal sentencing.  The Court finds that none of the reasons identified in the pertinent Sentencing Guidelines provisions merit a downward departure.[1]

### I.     Age

Under U.S.S.G. § 5H1.1, the Court may consider age in determining whether a departure is warranted "if considerations based on age, individually or in combination with other offender characteristics, are present to an unusual degree and distinguish the case from the typical cases covered by the guidelines."  The Court finds no such considerations here.  Defendant is 65 years old and in "fair physical health," presenting no "unusual" considerations.  Doc. 602 at 10. Although given Defendant's age, he may well develop age-related health issues in the future, the Guidelines contemplate a downward departure where the defendant is "elderly and infirm" at the time of sentencing, which does not apply here.  U.S.S.G. § 5H1.1.

### II.    Family Ties and Responsibilities

Under U.S.S.G. § 5H1.6, "family ties and responsibilities are not ordinarily relevant in determining whether a departure may be warranted."  *See also United States v. McClatchey*, 316 F.3d 1122, 1130 (10th Cir. 2003) ("[F]amily circumstances are a permissible but discouraged ground for departure.").  However, the Guidelines Commentary contemplates departures based on "loss of caretaking or financial support," where the defendant's service of a sentence in the applicable Guideline range

> will cause a substantial, direct, and specific loss of essential caretaking, or essential financial support, to the defendant's family . . . [that] substantially exceeds the harm ordinarily incident to incarceration for a similarly situated defendant . . . for which no effective remedial or ameliorative programs

---

[1] At a hearing on August 19, 2013, this Court imposed the guideline sentence of 120 month sentence of imprisonment (60 months as to Counts 1 and 6, and 120 months as to Counts 2, 7, and 8, to run concurrently).  It issues the present order to memorialize its ruling on the issues of a downward departure requests.

>reasonably are available, making the defendant's caretaking or financial support irreplaceable to the defendant's family.

§ 5H1.6, Commentary 1(B). The Court finds that none of these circumstances apply here.

The Court recognizes that members of Defendant's family require some amount of caretaking: Defendant's wife suffers from a number of autoimmune diseases aggravated by activity and stress; Defendant's son exhibits symptoms of autism and obsessive compulsive disorder and will likely remain in the care of his parents for life; and Defendant's mother is 93 and has dementia. Defendant has demonstrated meaningful involvement in care for each of these individuals.

However, "[t]he fact that a defendant cares for a family member with a mental or physical disability is not by itself sufficient to make the circumstances 'exceptional.'" *McClatchey*, 316 F.3d at 1131. Defendant has not shown that he is irreplaceable, or that the services he provides are so specialized that no one else could perform them. *See id.* at 1133 ("[T]here is nothing about the type of care that [defendant] provides (driving, monitoring his son's appointments, etc.) that suggests that another individual could not provide the necessary assistance in [defendant]'s absence."). Nor has Defendant demonstrated that his family members are so dependent on him as to be unable to function in his absence. Defendant's mother lives independently. Although Defendant visits 3-4 times a week, his mother also has an adult son, Richard Gutierrez, who does not live in the area, but is retired and presumably able to oversee his mother's affairs. Defendant's wife's health issues are currently controlled by medication, and she and Defendant's son are able to help Defendant care for his elderly mother by cleaning her home, indicating they are not incapacitated. Additionally, Defendant has not shown that his wife has no family or friends who could assist her if necessary.

The cases that Defendant offers to support his request for a departure involve family members significantly less able to care for themselves than Defendant's family members. *See United States v. Bueno*, 549 F.3d 1176, 1179 (defendant's wife required full time care because she was suicidal and suffered from seizures leading to unconsciousness); *United States v. Leon*, 341 F.3d 928, 930 (9th Cir. 2003) (defendant's wife "was recovering from recent cancer related surgery, had a history of preexisting depression, and was diagnosed as being a suicide risk if her husband was incarcerated"); *United States v. Colp*, 249 F. Supp.2d 740, 743-44 (E.D. Va. 2003) (defendant was sole caretaker for husband who required constant attention due to traumatic brain injury and cognitive disabilities, had very limited functioning abilities, and had no other family in the area to provide adequate nursing care).

As the Tenth Circuit has noted, "[d]isruptions of the defendant's life, and the concomitant difficulties for those who depend on the defendant, are inherent in the punishment of incarceration." *Id.* at 1132 (quoting *United States v. Sweeting*, 213 F.3d 95, 102 (3d. Cir. 2000)); *see United States v. Rodriguez-Velarde*, 127 F.3d 966, 968 (10th Cir. 1997) ("[T]he disintegration of existing family life or relationships . . . is to be expected when a family member engages in criminal activity that results in a period of incarceration.") (internal quotation marks omitted). Stated another way, Defendant's family circumstances are not so extraordinary as to remove him from the "heartland of typical cases" and justify a downward departure. *Koon v. United States*, 518 U.S. 81, 94 (1996).

### III.  Aberrant Behavior

U.S.S.G. § 5K2.20 allows for a downward departure "if the defendant committed a single criminal occurrence or single criminal transaction that (1) was committed without significant planning; (2) was of limited duration; and (3) represents a marked deviation by the defendant

4

from an otherwise law-abiding life." Although Defendant has no previous criminal history, he does not otherwise meet these requirements, because he (1) committed the offense of theft of federal funds numerous times between 2004 and 2007, by submitting fraudulent invoices to the Secretary of State; (2) committed a series of obstruction of justice offenses by submitting fictitious records to the authorities; (3) and committed federal tax offenses. Accordingly, his offenses were multiple, extensive, and of lengthy duration, precluding a downward departure under § 5K2.20

### IV.    Multiple Circumstances

Finally, U.S.S.G. § 5K2.0(c) allows the Court to depart downward based on the presence of two or more offender characteristics, even where those characteristics alone are not sufficient to justify a departure, if "(1) such offender characteristics or other circumstances, taken together, make the case an exceptional one; and (2) each such offender characteristic or other circumstance is--(A) present to a substantial degree; and (B) identified in the guidelines as a permissible ground for departure." However, none of the characteristics previously identified are present to a substantial degree, or, combined, render this case exceptional or take it out of the heartland of cases of similarly situated defendants.

### CONCLUSION

Accordingly, for the foregoing reasons, the Court hereby **DENIES** Defendant's Motion for Downward Departure (**doc. 602**).

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE