UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                        Case No. 10 CR 3383 WJ-3

ARMANDO G. GUTIERREZ,

    Defendant.

### ORDER DENYING DEFENDANT'S MOTION TO MOVE BACK DEFENDANT'S DATE TO REPORT FEDERAL PRISON

**THIS MATTER** comes before the Court upon Defendant's Motion to Move Back the Defendant's Date to Report to Federal Prison to January 1, 2014 or to any Date the Court Deems Appropriate, filed October 2, 2013 **(Doc. No. 654)**. Having considered the parties' briefs, the arguments presented at the hearing on October 10, 2013, and the applicable law, the Court finds that Defendant's motion is not well-taken and, therefore, is DENIED.

### Background

Defendant Armando Gutierrez was convicted of conspiracy to commit theft of government property. Defendant was sentenced to a guideline sentence of 120 months. The Court allowed Defendant to voluntarily surrender after finding that he was neither a flight risk nor a threat to the community. The Bureau of Prisons ordered Defendant to report to a federal correctional institution in Texas on October 16, 2013. Defendant has appealed his conviction to the United States Tenth Circuit Court of Appeals. See **(Doc. No. 625)**, Notice of Appeal of Final Judgment. Defendant filed a Motion for Release Pending Appeal **(Doc. No. 609)**, and the Court denied Defendant's Motion **(Doc. No. 616)** finding that Defendant failed to raise a substantial

question of law or fact that if found favorable to him would result in a reversal or remand. On October 8, 2013, Defendant subsequently filed a motion pursuant to Federal Rule of Appellate Procedure 9(b) in the Tenth Circuit seeking an order allowing him to remain free pending appeal. Prior to filing the 9(b) Motion in the Tenth Circuit, Defendant filed the instant motion requesting this Court move back his October 16, 2013 report date to January 1, 2014. Defendant set forth four grounds for delaying his report date: 1) Defendant is facing criminal charges in state court; 2) Defendant must pay restitution; 3) to allow time for the Tenth Circuit to rule on Defendant's Motion for Release Pending Appeal; and 4) to allow Defendant time to make arrangements for his elderly mother. The government opposes Defendant's Motion.

## Discussion

This Court need not reach a decision on the four grounds raised by Defendant because it finds that it is without jurisdiction to decide Defendant's Motion. "Our analysis of th[e] question [of a district court's continuing jurisdiction after an appeal has been filed] begins with the axiomatic premise that a federal district court and a court of appeals should not attempt to assert jurisdiction over a case simultaneously." Stewart v. Donges, 915 F.2d 572, 574 (10th Cir. 1990) (citation omitted). "The filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Id. "This rule is a judge-made doctrine, designed to promote judicial economy and avoid the confusion and inefficiency that might flow from putting the same issue before two courts at the same time." United States v. Madrid, 633 F.3d 1222, 1226 (10th Cir. 2011). "District courts may act in aid of the court of appeals' exercise of its jurisdiction, [and] may address matters that are [not] comprehended within the appeal." Id., 633 F.3d at 1226-27. However, this is not a broad exception to the general rule that a district court is

divested of jurisdiction by the filing of an appeal.  See  e.g. Hardin v. First Cash Fin. Servs., Inc., 465 F.3d 470, 474 (10th Cir. 2006) (citation omitted) (declining to hold that district courts retain jurisdiction over non-dispositive matters such as amendments to pleading and discovery and noting "[w]e fail to see how such non-dispositive matters are 'matters not involved in [the] appeal.'");  Burns v. Buford, 448 F. App'x 844, 847 (10th Cir. 2011) (district court "may not vacate the order that is the basis for the appeal.").

In this instance, the Court finds that the issue of Defendant's continued release is the exact issue before the Tenth Circuit on Defendant's 9(b) Motion.  Further, this Court's decision to extend the deadline for Defendant to report may "thwart, not aid, the court of appeals' exercise of its jurisdiction, and the subject matter of [the motion to move back the report date] goes to the heart of the case before the appellate court—[Defendant's continued release]."  Madrid, 633 F.3d at 1227.

The Defendant having filed his Notice of Appeal thereby invoking the jurisdiction of the court of appeals and Defendant having filed his 9(b) motion invoking the jurisdiction of the court of appeals on the issue of defendant's release status, the district court is without jurisdiction to act on Defendant's motion.  Moreover, even if the district court has jurisdiction to consider Defendant's motion, the district court ought not rule on an issue presently pending before the court of appeals.  Accordingly, Defendant's motion **(Doc. No. 654)** is **DENIED**.

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE